IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

DONTAE STEVENSON,

    Plaintiff,

  v.                                                          No. CIV 12-0535 MV/GBW

STATE OF NEW MEXICO,
JOHN P. SUGG / D.A.,
JOHN RHINEHART / ATTORNEY,

    Defendants.

MEMORANDUM OPINION AND ORDER

This matter is before the Court on Defendants' Motion to Dismiss (Doc. 8) and, *sua sponte* under 28 U.S.C. § 1915(e)(2) and rule 12(b)(6) of the Federal Rules of Civil Procedure, on Plaintiff's civil rights complaint. Plaintiff is incarcerated, appears pro se, and is proceeding in forma pauperis. For reasons set out below, the Court will dismiss Plaintiff's complaint.

The complaint names as Defendants the State of New Mexico, an Assistant District Attorney, and Plaintiff's defense counsel in a state criminal proceeding. Plaintiff alleges that Defendant Sugg improperly refused to accept a guilty plea, and that, together, the two individual Defendants coerced Plaintiff to sign the plea. He makes no separate allegations against the State itself. Plaintiff contends that Defendants' actions violated his rights under the Fourth, Fifth, Sixth, and Eighth Amendments. For relief, Plaintiff asks for damages and release from confinement.

Defendants' motion to dismiss the complaint asserts two grounds for relief: (1) Plaintiff's request for relief may be brought only under the habeas corpus statutes, and (2) his damages claims are barred under the rule in *Heck v. Humphrey*, 512 U.S. 477 (1994). Although both propositions

may be correct, the Court will dismiss the complaint on other grounds.

The Court has the discretion to dismiss an in forma pauperis complaint *sua sponte* under §1915(e)(2) "at any time if . . . the action . . . is frivolous or malicious; [or] fails to state a claim on which relief may be granted." The Court also may dismiss a complaint *sua sponte* under Fed. R. Civ. P. 12(b)(6) for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (quoting *McKinney v. Oklahoma, Dep't of Human Services*, 925 F.2d 363, 365 (10th Cir. 1991)). A plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In reviewing Plaintiff's pro se complaint, the Court applies the same legal standards applicable to pleadings drafted by counsel but liberally construes the allegations. *See Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992).

First, as Defendants argue, Plaintiff's claims for release from confinement are not cognizable in this § 1983 action.

> Section 1983 authorizes a "suit in equity, or other proper proceeding for redress" against any person who, under color of state law, "subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution.". . . Despite its literal applicability, however, § 1983 must yield to the more specific federal habeas statute, with its attendant procedural and exhaustion requirements, where an inmate seeks injunctive relief challenging the fact of his conviction or the duration of his sentence. Such claims fall within the "core" of habeas corpus and are thus not cognizable when brought pursuant to § 1983.

*Nelson v. Campbell*, 541 U.S. 637, 643 (2004) (citing 42 U.S.C. § 1983 and *Preiser v. Rodriguez*, 411 U.S. 475, 489 (1973)). Under the rule described in *Nelson*, the Court will dismiss Plaintiff's claims for release from custody, without prejudice to his right to pursue available relief under the habeas corpus statutes.

The complaint alleges that Defendant Sugg improperly refused to accept a guilty plea while prosecuting a state criminal case against Plaintiff. In *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976), the Supreme Court held that "in initiating a prosecution and in presenting the State's case, the prosecutor is immune from a civil suit for damages under § 1983." Furthermore, "this immunity extends to 'conditional prosecutorial decisions,' which provisionally withhold charges in exchange for a quid pro quo, so long as the threat of prosecution is not tied to a demand 'manifestly or palpably beyond [the prosecutor's] authority. . . . Threatening to bring charges for conduct a prosecutor believes to be felonious could hardly be manifestly or palpably beyond his authority." *Blazier v. Larson*, 443 F. App'x 334, 336 (10th Cir. 2011) (citations omitted). The alleged conduct of this prosecutor was part of the prosecution of the criminal charges against Plaintiff, and thus Defendant Sugg is immune to this claim.

Nor is relief available on Plaintiff's claims against his defense counsel, Defendant Rhinehart. A complaint under 42 U.S.C. § 1983 must allege facts demonstrating the two elements of the statute: that a federal right was violated and that the deprivation was caused by a person acting "under color of state law." *See Gomez v. Toledo*, 446 U.S. 635, 640 (1980); *Houston v. Reich*, 932 F.2d 883, 890 (10th Cir. 1991). In the absence of a factual basis for either element a complaint does not state a claim under § 1983. *See, e.g., West v. Atkins*, 487 U.S. 42, 48 (1988) ("To state a claim under § 1983, a plaintiff . . . must show that the alleged deprivation was committed by a person acting under color of state law."). Case law is clear that neither a public defender nor an appointed private attorney acts under color of state law for purposes of § 1983 when undertaking the defense of a criminal defendant. *See Polk County v. Dodson*, 454 U.S. 312, 325 (1981); *Harris v. Champion*, 51 F.3d 901, 909-10 (10th Cir. 1995), *abrogated in part on other grounds by* Federal Courts Improvement Act of 1996 § 309(c), 42 U.S.C. § 1983 (2006). Plaintiff's allegations do not state

3

claims under § 1983 for relief against Defendant Rhinehart. The Court will dismiss Plaintiff's complaint.

IT IS THEREFORE ORDERED that Defendants' Motion to Dismiss (Doc. 8) is GRANTED, Plaintiff's claims for release from confinement are DISMISSED without prejudice to his rights under the habeas corpus statutes, otherwise the complaint is DISMISSED with prejudice, and judgment will be entered.

_____
UNITED STATES DISTRICT JUDGE